**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS WILLIAM FIELDER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CR-02-152)

Submitted:  January 12, 2007       Decided:  February 20, 2007

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kevin A. Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas William Fielder pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine within 1000 feet of a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860 (2000) (Count One); and one count of using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c) (2000) (Count Eleven).  The plea agreement included stipulations related to the determination of Fielder's sentence that included the quantity of crack cocaine attributable to Fielder and the validity of a specific prior felony drug conviction.

In determining the sentencing range for Count One, the probation officer recommended a base offense level of thirty-six pursuant to U.S. Sentencing Guideline Manual (USSG) § 2D1.1(c)(2) (2002), based on the plea agreement stipulation of drug quantity. This was enhanced by two levels pursuant to USSG § 2D1.2(a)(1) because the drugs were stored, possessed, and/or distributed within 1000 feet of a protected location.  After a three-level reduction for acceptance of responsibility, Fielder's total offense level was thirty-five.  Fielder's prior criminal record and the fact that the instant offenses were committed while Fielder was under a criminal justice sentence for a prior conviction resulted in the assessment

of six points, placing him in criminal history category III. The resulting sentencing range for Count One was 210 to 262 months, but because the statutory minimum was twenty years, the Guideline range was 240 to 262 months, plus a mandatory consecutive five years on Count Eleven. Fielder did not object to the presentence report (PSR).

Prior to sentencing, the Government moved for a downward departure from both the Guideline range and the statutory minimum pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) (2000), based on Fielder's substantial assistance to the Government. The Government requested a total sentence of 240 months. At sentencing, the district court adopted the factual findings and Guideline calculations in the PSR, granted the Government's departure motion, and sentenced Fielder to 240 months of imprisonment, ten years of supervised release, and a $200 special assessment. Fielder now appeals.

On appeal, counsel filed an <u>Anders</u> brief, in which he states there are no meritorious issues for appeal, but questions whether Fielder's trial counsel was ineffective in allowing him to enter into a plea agreement in which he admitted a prior conviction that was not listed in the PSR. In a pro se supplemental brief, Fielder repeats the argument raised by counsel, and asserts other claims of ineffective assistance of counsel and sentencing error.

Counsel suggests that trial counsel was ineffective in that he "should have investigated [Fielder's] criminal record and should have advised him not to admit the prior conviction which he admitted in his plea agreement." In his pro se brief, Fielder likewise asserts counsel was ineffective in failing to investigate the validity of the prior conviction listed in the plea agreement. An allegation of ineffective assistance should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record leads us to conclude that deficient performance is not conclusively shown, and Fielder is not entitled to any relief on this claim.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the arguments asserted in Fielder's pro se supplemental brief and find them to be without merit. We therefore affirm Fielder's conviction and sentence.* This court requires that counsel inform Fielder, in writing, of the right to petition the Supreme Court of the United States for further review. If Fielder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

---

*We have reviewed the district court's determination of Fielder's sentence and conclude that Fielder is not entitled to any relief based on United States v. Booker, 543 U.S. 220 (2005).

- 4 -

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fielder.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>